

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00186-CR
_____

ERIC URIAH CARRILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,880-B; Honorable John B. Board, Presiding

February 24, 2014

## ORDER ON MOTION FOR EXTENSION OF TIME
## AND RESPONSE TO ANDERS BRIEF

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Eric Uriah Carrillo, was convicted by a jury of robbery, twice enhanced,[1] and sentenced to forty-five years confinement and a $10,000 fine. *Notice of Appeal* was filed on June 7, 2013, the appellate record was complete on August 20, 2013, and Appellant's brief was due September 19, 2013. On

---

[1] TEX. PENAL CODE ANN. § 29.02 (West 2011) and § 12.42(b) (West Supp. 2013).

September 18, 2013, court-appointed counsel, W. Brooks Barfield, Jr., filed a *Motion to Withdraw* supported by an *Anders*[2] brief certifying the appeal was without merit and he could not advance any grounds for reversal of Appellant's conviction. By letter dated September 24, 2013, this Court notified Appellant that he had until October 24, 2013, to file a *pro se* response.

## APPELLATE PROCEDURAL HISTORY

On October 24, 2013, David Martinez filed a *Motion to Substitute Counsel* together with a *Motion for Extension of Time for Filing Appellant's Response to Anders Brief*. Mr. Martinez represented he had been retained by Appellant and needed time to review the appellate record and file a "brief." By letter dated October 30, 2013, this Court acknowledged Mr. Martinez's motions but advised him that considering the procedural status of the appeal, his motions would be "taken under advisement pending the filing and consideration of Appellant's *pro se* response."

On October 28, 2013, Appellant, proceeding *pro se*, filed a document giving notice of his intent to file a "*pro se* brief or response" to the *Anders* brief filed by Mr. Barfield and requesting an extension of time in which to do so. Appellant was granted until December 2, 2013, to file his response. A subsequent extension was granted until January 6, 2014.

On January 3, 2014, this Court received an inquiry from Appellant asking this Court to allow Mr. Martinez to substitute as his counsel and to allow him to file a brief on his behalf. Again considering the nature of an *Anders* appeal and the expiration of time

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

to file a merits brief, this Court issued a letter on January 10, 2014, construing Mr. Martinez's motion to substitute as a notice of appearance per Rule 6.2 of the Texas Rules of Appellate Procedure and granting an extension of time until February 7, 2014, in which Appellant could file a *pro se* response.[3] The letter provided, "Mr. Martinez is permitted to assist Appellant in preparing his response" and noted that no further extensions of time would be granted absent exigent circumstances.

On February 17, 2014, after the deadline for filing a response to the *Anders* brief had expired, Mr. Martinez filed documents entitled *Motion for Extension of Time for Filing Response to Ander's* [sic] *Brief* and *Appellant's Response to Ander's* [sic] *Brief.* By the motion, counsel represents he had not previously requested an extension when in fact he filed a motion for extension on October 24, 2013, signed by him and not by Appellant acting in a *pro se* capacity. Counsel then provides as grounds for the subsequent extension request what he characterizes as exigent circumstances— formatting issues with a new computer, inability to locate his research and notes, and an illness on February 10, 2014—after the February 7th deadline.

Furthermore, the "response" filed by Mr. Martinez on behalf of Appellant actually purports to be a brief on the merits challenging the sufficiency of the evidence to support Appellant's robbery conviction. The document even includes a "prayer" requesting that this Court determine the evidence to be insufficient and dismiss the case. The response was submitted through and electronically signed by Mr. Martinez. It is not a *pro se* response to the *Anders* brief filed by Mr. Barfield. As such, it is in

---

[3] At this point the Court considers Mr. Barfield to be Appellant's lead counsel and Mr. Martinez to be an attorney "other than lead counsel" who has entered an appearance on behalf of the Appellant. *See* TEX. R. APP. P. 6.2.

contravention to this Court's directive for Mr. Martinez to assist Appellant in preparing a *pro se* response to the *Anders* brief filed by Mr. Barfield.

## ANALYSIS

Appellant's decision to retain appellate counsel while represented by court-appointed counsel who has already filed an *Anders* brief in support of a motion to withdraw and after the deadline for filing a merits brief does not dictate an appellate court's review of an *Anders* appeal. That procedure is mandated by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its progeny. When faced with an *Anders* appeal and a motion to withdraw, an appellate court is tasked with assuring that counsel has provided his client with a diligent and thorough search of the record for any arguable claim that might support a plausible basis for reversal of the client's conviction and determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). The court must then make a separate inquiry and "itself conduct a full examination of all the proceeding[s]" to decide whether the appeal is frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

An *Anders* brief that is well taken does not involve the substitution of counsel. *See Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006). This Court will review Mr. Barfield's *Anders* brief and make an independent examination of the proceedings to determine whether the *Anders* brief is well taken. If this Court agrees with Mr. Barfield's evaluation that no non-frivolous issues exist, his motion to withdraw will be granted and

4

Appellant's conviction will be affirmed.[4]  *See Penson*, 488 U.S. at 80.  If, however, this Court finds an arguable issue, Mr. Barfield will be discharged and Appellant will be entitled to new representation.  In the absence of the appearance of new lead counsel, this Court will follow established procedures to abate the appeal and remand the cause to the trial court for a determination on the issue of counsel.  *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008).

## CONCLUSION

Mr. Martinez's *Motion for Extension of Time for Filing Response to Ander's* [sic] *Brief* is denied and *Appellant's Response to Ander's* [sic] *Brief* is stricken.  The appeal will proceed on the record by submission without oral argument.

It is so ordered.

Per Curiam

Do not publish.

---

[4] The Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right.  *Douglas v. California*, 372 U.S. 353, 357-58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). However, it does not demand that States require appointed counsel to press upon their appellate courts wholly frivolous arguments.  *Penson*, 488 U.S. at 84.  An attorney, whether appointed or retained, is under an ethical obligation to refuse to prosecute a frivolous appeal.  *In re Schulman*, 252 S.W.3d at 407 (citing *McCoy*, 486 U.S. at 436).

5